UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PHILLIP D. COOPER                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:16CV307-HSO-RHW

CAROLYN W. COLVIN                                                                  DEFENDANT
Acting Commissioner[1]

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Phillip D. Cooper, proceeding *pro se*, filed the instant lawsuit seeking review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits and supplemental security income. Doc. [1]. Plaintiff filed for benefits alleging disability from bipolar disorder, anxiety, depression and high blood pressure beginning October 16, 2012. Doc. [10] at 167-76, 198. Plaintiff was 52 years old at the date of alleged disability onset. *Id.* at 25, 167, 171. He has a high school education and three years of college, with past relevant work as a construction laborer and truck driver. *Id.* at 25, 199. The Commissioner denied his application at the initial level and on reconsideration. *Id.* at 100-43. Plaintiff requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 40-73, 152-53.

The ALJ issued a decision on January 9, 2015, denying disability. *Id.* at 14-27. The ALJ found that Plaintiff had severe impairments of obesity, hypertension, bipolar disorder, and anxiety. *Id.* at 16. The ALJ determined that the impairments did not meet the requirements for presumptive disability at step three of the evaluation. *Id.* at 17. The ALJ concluded that Plaintiff

---

[1] As noted in Defendant's memorandum, Nancy A. Berryhill is now the Acting Commissioner of Social Security. Doc. [12] at 1 n.1.

retained the residual functional capacity (RFC) to perform medium work, with the following additional limitations: he is limited to simple routine tasks requiring only simple work-related decisions, in a work environment free of fast-paced production requirements; he can have only occasional change in a routine work setting and occasional interaction with the public and he can work in close proximity to others, but must work independently, not in a team. *Id.* at 19. The ALJ found Plaintiff was unable to perform past relevant work. *Id.* at 25. However, relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy in such occupations as hand packager, dishwasher, and floor cleaner. *Id.* at 26. Accordingly, the ALJ found Plaintiff was not disabled.

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Plaintiff then filed the instant lawsuit. *Id.* at 4-9. Proceeding *pro se*, Plaintiff filed the instant complaint and memorandum in support of his complaint. Liberally construed the memorandum raises the following issues: (1) whether the ALJ denied Plaintiff's due process rights and constitutional rights or committed an abuse of discretion; (2) whether the ALJ erred by not considering previous ALJs' decisions, evidence dated prior to Plaintiff's disability onset date, or evidence dated after the ALJ's decision; (3) whether the ALJ properly evaluated Plaintiff's credibility; and (4) whether the ALJ properly evaluated Plaintiff's mental limitations. *See* Doc. [11].

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the

Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also* 42 U.S.C. § 405(g).  This standard requires supporting evidence that is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5).  The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a), § 404.920(a).  Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from

performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

**Due Process, Constitutional Rights, Abuse of Discretion**

In his first assignment of error, Plaintiff argues about the conduct of his hearing. He alleges that the ALJ violated his due process right to confront/cross-examine witnesses "or to see verbatim transcripts of testimonial evaluation of examiners." Doc. [11] at 5, 7, 14. He also argues that the Social Security Administration generated unfavorable evidence to usurp any valid evidence favoring Plaintiff's claim. *Id.*

To establish denial of due process in an administrative hearing, Plaintiff must show substantial prejudice. *See Ka Fung Chan v. INS* , 634 F.2d 248, 258 (5th Cir. 1981). There is nothing in the record to suggest the ALJ violated Plaintiff's due process rights. He was represented during the administrative proceedings and before the ALJ. Doc. [10] at 145. Plaintiff testified at the hearing regarding his condition and limitations. Plaintiff's representative cross-examined the vocational expert. The Social Security Administration (SSA) informed Plaintiff of the procedure for reviewing information in his file prior to the date of the hearing. *Id.* at 157. The SSA sent a letter to Plaintiff and Plaintiff's representative informing them that the exhibits to be used at the hearing were available for review. *Id.* at 237-38. The regulations

provide for subpoenas; however, there is no record that Plaintiff or his attorney requested a subpoena for witnesses or documents prior to the ALJ hearing. *See* 20 C.F.R. § 404.950(d)(2), 416.950(d)(2).

In conducting its administrative review, the SSA ordered consultative examinations by state agency physicians, which is within the purview of the Commissioner. The Social Security Regulations specify that the Commissioner may order a consultative examination to make a proper determination when evidence is needed that is not contained within the records of the medical sources. *See* 20 CFR 404.1519a(b)(1). In ordering consultative exams, the ALJ was simply carrying out her duty to develop the record. *See Pearson v. Bowen*, 866 F.2d 809, 812 (5th Cir. 1989). There is no merit to Plaintiff's argument that the ALJ violated his due process rights by generating unfavorable evidence to usurp evidence favoring Plaintiff's claim. Moreover, in his written decision, the ALJ considered Plaintiff's extensive medical and vocational records. For the most part, Plaintiff's memorandum simply reargues the weight and credibility of the evidence. Plaintiff's disagreement with the weight or credibility of the evidence does not create a due process or constitutional claim. This Court is not to re-weigh the evidence or resolve conflicts in the evidence. *See Johnson*, 864 F.2d at 343. Those are tasks reserved for the Commissioner. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001); *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir.1991).

**Other ALJ Decisions and Other Evidence**

In his memorandum, Plaintiff refers to previous ALJ decisions, as well medical evidence that predates the disability period under consideration in the instant case. Doc. [11] at 14-15. He attached as an exhibit, a transcript index from a previous ALJ's decision. Doc. [11-3]. In the instant case, the ALJ did not reopen two previous unfavorable decisions. Nor did the ALJ

discuss the findings in those two prior cases. Plaintiff also attached as exhibits to his memorandum, medical records that both pre-date and post-date the disability period under consideration. Doc. [11-1] & [11-2].

At issue is whether Plaintiff was disabled between October 16, 2012, through the date of decision, January 9, 2015. Medical records from before or after that time period do not justify remand in this case. *See Hamilton Provost v. Colvin*, 605 Fed. Appx. 233, 239 (5th Cir. 2015). The evidence must relate to the time period for which benefits were denied. *York v. Colvin*, 3:13-CV-918 HTW-LRA, 2014 WL 1050625, at *6 (S.D. Miss. Mar. 17, 2014). Subsequent deterioration of a claimant's condition may form the basis of a new claim, but it does not justify remand in the instant case. *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). This Court may not issue factual findings on new medical evidence. *See Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir.1981). The new medical evidence submitted by Plaintiff relates to his condition subsequent to the ALJ's decision and is not material to the period of alleged disability under consideration. Moreover, the ALJ's decision not to reopen previous ALJ decisions is not reviewable absent a colorable constitutional claim. *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Plaintiff fails to demonstrate a colorable constitutional claim.

### Credibility Determination

Throughout his memorandum, Plaintiff disputes the ALJ's credibility determinations with respect to Plaintiff's mental condition and limitations resulting from his mental condition. While the ALJ must consider a claimant's subjective complaints, she is allowed to examine the objective medical evidence to test claimant's credibility. *Johnson v. Heckler*, 767 F.2d 180, 182 (5th Cir. 1985). Subjective evidence of symptoms will not take precedence over conflicting

medical evidence. *Harper v. Sullivan*, 887 F.2d 92, 96 (5th Cir. 1989). A claimant's subjective complaints may be discounted by an ALJ if they are inconsistent with other evidence in the record. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Moreover, judgment as to the credibility of testimony is the sole province of the ALJ. *See Carrier*, 944 F.2d at 247. The Fifth Circuit has held that the ALJ's credibility determination is entitled to considerable deference. *See Falco v. Sullivan*, 27 F.3d 160, 164 (5th Cir. 1994).

In a lengthy assessment of Plaintiff's credibility, the ALJ considered Plaintiff's medical records; activities of daily living; precipitating and aggravating factors; medication; and other factors. Doc. [10] at 19-25. The ALJ noted that Plaintiff appeared to minimize his daily activities at a consultative evaluation by Dr. Zakaras. By contrast, at the Veterans Administration, Plaintiff reported that he takes long walks on the beach and walks up to 5 to 10 miles per day. He reported cooking big meals, such as fried chicken twice per week, lasagna, meat, and other full meals. Plaintiff also participated in a work therapy program at the VA. Plaintiff indicated that he liked to keep busy and enjoyed the camaraderie of working. Plaintiff was assigned laundry/linen duty and participated in about 566 hours as a laundry/linen worker. Plaintiff also found employment with Mack, Inc. as a superintendent helper. The ALJ noted no significant side effects from medications and that Plaintiff reported medications are effective at controlling his symptoms. The ALJ further noted that Plaintiff did not receive consistent mental health treatment until his Social Security benefits ceased in 2012. He told the VA he was seeking treatment because his disability check was recently taken away and he needed someone to talk through this difficulty. The ALJ found that the record evidence from the VA showed few abnormal findings on mental status evaluations during the period of alleged disability. Plaintiff's VA vocational rehabilitation assessment indicated good skills and/or abilities in every evaluated

area. His Global Assessment Functioning scores increased significantly while participating in vocational rehabilitation. Although Plaintiff does identify some evidence supporting his claim for disability, the undersigned nevertheless finds that substantial evidence supports the ALJ's credibility determination. The Court will not re-weigh the evidence or make credibility determinations where substantial evidence supports the ALJ's decision.

**Evaluation of Plaintiff's Mental Condition**

Plaintiff argues that the ALJ did not properly evaluate his mental condition. At step two, the ALJ concluded that Plaintiff suffers from the severe impairment of bipolar disorder and anxiety. Doc. [10] at 16. Thus, the issue is not whether Plaintiff has a severe mental impairment, but rather to what extent does the impairment affect his functional limitations.

The Court finds that the ALJ's RFC analysis is supported by substantial evidence. The ALJ concluded that Plaintiff is limited to simple, routine tasks requiring only simple work-related decisions, in a work environment free of fast-paced production requirements. He can have only occasional change in a routine work setting and occasional interaction with the public. Plaintiff can work in close proximity to others, but must work independently, not in a team. Doc. [10] at 19. In support of this RFC, the ALJ recognized mental health related limitations, but found that Plaintiff could still perform simple routine tasks with limited social interaction. *Id.* at 21. The ALJ relied on medical records that showed Plaintiff's mental status evaluations were mostly normal, especially after he completed the Transitional Work Experience program in April 2014. The ALJ also relied on Plaintiff's self-reported daily activities as reflected in medical records. *Id.* at 23. These activities were addressed above with respect to Plaintiff's credibility. The ALJ also relied on the fact that Plaintiff reports that his medications are effective at controlling his symptoms. *Id.* The ALJ further relied on the VA's vocational

rehabilitation assessment and records. The ALJ gave great weight to Janice Hinson, PhD. and Karen Hulett, M.D., who provided consultative reviews. *Id.* at 25. Dr. Hinson opined that Plaintiff is capable of understanding and remembering at least simple instructions and work-like procedures, that he can maintain attention and concentration adequately, and that he can complete a normal workweek without excessive interruptions from psychological symptoms. *Id.* at 104, 106. Dr. Hulett affirmed these findings. *Id.* at 125. The ALJ also gave partial weight to Plaintiff's treating physician, Dr. Eupehmie Brown, who completed a work capacity evaluation finding only moderate limitations in Plaintiff's ability to understand, remember, and carry out very short and simple instructions and moderate limitations in his ability to make simple work-related decisions. *Id.* at 546-47. However, the ALJ found Dr. Brown's opinion was not consistent with the overall evidence. *Id.* at 25. Specifically, the reported limitations were excessive compared to the evidence of mental health treatment and functioning, evidence of Plaintiff's activities of daily living, and vocational rehabilitation assessments of good potential, but equivocal motivation to work. In sum, the undersigned finds that substantial evidence supports the ALJ's RFC assessment with respect to mental health related limitations.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the decision of the Commissioner be AFFIRMED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made;

the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 1st day of February, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE