# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PHILLIP D. COOPER**                                                           **PLAINTIFF**

v.                                                    **CIVIL NO. 1:16cv307-HSO-RHW**

**CAROLYN W. COLVIN,**
**Acting Commissioner**                                                       **DEFENDANT**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [14] AND DISMISSING PLAINTIFF'S CLAIM WITH PREJUDICE

This matter comes before the Court on the Report and Recommendation [14] of United States Magistrate Judge Robert H. Walker, entered on February 1, 2018. Plaintiff Phillip D. Cooper ("Cooper") seeks review of the Commissioner of Social Security's final decision denying his claim for disability insurance benefits and supplemental security income. Compl. [1]. The Magistrate Judge recommended that the Commissioner's decision be affirmed. R. & R. [14] at 9. After due consideration of the Report and Recommendation [14], the record, and relevant legal authority, the Court finds that the Report and Recommendation should be adopted as the finding of this Court, and that the Commissioner's decision should be affirmed. Cooper's claim should be dismissed.

## I. BACKGROUND

On June 4, 2013, Cooper filed for Social Security benefits on grounds that he was unable to work due to bipolar disorder, anxiety, depression, and high blood pressure beginning on October 16, 2012. R. [10] at 167-76, 198. Cooper was 52

years old at the time of the alleged disability onset. *Id.* at 167. Cooper previously worked as a construction laborer and truck driver. *Id.* at 25, 199. The Social Security Administration ("SSA") denied his initial claim and again upon reconsideration. *Id.* at 100-43.

Cooper requested and was granted a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 40-73, 152-53. On January 9, 2015, the ALJ issued a decision denying Cooper's claim. *Id.* at 14-27. The ALJ found that though Cooper had impairments of obesity, hypertension, bipolar disorder, and anxiety, these impairments did not meet the requirements for presumptive disability. *Id.* at 17. The ALJ concluded that Cooper retained the capacity to perform medium work, with some limitations. *Id.* at 19. The ALJ relied on the testimony of a vocational expert to find that Cooper could perform a significant number of jobs in the national economy. *Id.* at 26. The ALJ thus concluded that Cooper was not disabled. *Id.* at 27.

Cooper sought review of the ALJ's decision by the SSA's Appeals Council, but the Appeals Council denied this request. *Id.* at 4-9. Cooper then sought relief in this Court, Compl. [1], asserting that the ALJ denied Cooper's due process rights and abused her discretion, that the ALJ erred by failing to consider relevant evidence, that the ALJ erroneously evaluated Cooper's credibility, and that the ALJ did not properly evaluate Cooper's mental limitations. Pl.'s Mem. [11].

In the Report and Recommendation [14] issued on February 1, 2018, the Magistrate Judge first addressed Cooper's claim that the ALJ violated his due

process rights to confront and cross-examine witnesses and to see the transcripts of the evaluation of examiners. R. & R. [14] at 4. The Magistrate Judge noted that Cooper was represented during the administrative proceedings and before the ALJ, and Cooper's representative cross-examined the vocational expert. *Id.* The SSA also informed Cooper of the procedure for reviewing his file prior to the hearing date and that the exhibits to be used at the hearing were available for review. *Id.* As to Cooper's claim that the SSA generated evidence unfavorable to him, the Magistrate Judge found that the SSA ordered consultative examinations by state agency physicians pursuant to the Commissioner's authority to order such examinations. *Id.* at 5 (citing 20 C.F.R. § 404.1519a(b)(1) (2012)).

Cooper next contended that the ALJ erred by not considering evidence dated prior to his disability onset or evidence dated after the ALJ's decision. Pl.'s Mem. [11] 14-15. The Magistrate Judge determined that subsequent deterioration of a claimant's condition may form the basis of a new claim, but that it did not justify remand in the instant case, R. & R. [14] at 6, and that the evidence of Cooper's condition subsequent to the ALJ's decision was not material to the period of alleged disability under consideration, *id.* Cooper also disputed the ALJ's credibility determination with respect to his mental condition and correlating limitations, but the Magistrate Judge found that substantial evidence supported the ALJ's credibility determination, and that to assess Cooper's credibility, the ALJ considered Cooper's medical records, daily activities, precipitating and aggravating factors, and medication. *Id.* at 8.

Lastly, the Magistrate Judge addressed Cooper's argument that the ALJ did not properly evaluate his mental condition. The Magistrate Judge noted that the ALJ indeed concluded that Cooper suffered from the severe impairment of bipolar disorder and anxiety, but that Cooper was still able to perform limited to simple, routine tasks requiring only simple work-related decisions, in a work environment free of fast-paced production requirements and with limited social interaction. *Id.* The Magistrate Judge found that substantial evidence supported this assessment, based upon the ALJ's consideration of Cooper's medical records, his self-reported daily activities, the effectiveness of Cooper's medications, and medical consultative reviews. *Id.* at 8-9. The Magistrate Judge recommended that the decision of the Commissioner be affirmed. *Id.* at 9.

A copy of the Report and Recommendation [14] was mailed to Cooper on February 1, 2018, via certified mail return receipt request and was received by Cooper on February 3, 2018. Acknowledgment of Receipt [15]. Cooper has not objected to the Report and Recommendation, and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's proposed findings of fact and recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864

4

F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [14] as the opinion of this Court.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [14], entered in this case on February 1, 2018, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**, and Plaintiff Phillip D. Cooper's claim is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 2nd day of March, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE